1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

| UNITED STATES OF AMERICA, | CASE NO. CR09-0061-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| PEY BIN, | |
| Defendant. | |

15    This matter comes before the Court on Defendant's motion for early termination of

16  supervised release (Dkt. No. 185). Having thoroughly considered the parties' briefing and the

17  relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for

18  the reasons explained herein.

19  **I.    BACKGROUND**

20    On December 18, 2005, Pey Bin pled guilty to possession of methamphetamine with

21  intent to distribute and felon in possession of ammunition.[1] (Dkt. No. 79 at 1.) The Court

22  sentenced Mr. Bin to 84 months of imprisonment and four years of supervised release. (Dkt. No.

23  106.) Mr. Bin began his term of supervised release on May 1, 2015. (Dkt. No.185 at 2.) While on

24  supervised release, Mr. Bin has maintained steady employment and stable housing. (*Id*. at 2.) He

25

26    [1] Bin has a prior 1993 conviction for bank robbery. (Dkt. No. 185 at 2.)

pays child support and helps care for his mother and his girlfriend's child. (*Id.*) However, Mr. Bin has had two probation violations for consuming alcohol—first on January 1, 2016 and again on April 19, 2017. (Dkt. Nos. 161, 162.) Probation also reports that two weeks before Mr. Bin filed his motion for early termination, his probation officer found him drinking beer at his residence. (Dkt. No. 186 at 2.) On this basis, the Government and the Probation Office oppose early termination as inconsistent with Probation's requirement of 12 months of violation-free behavior before endorsing early termination of supervised release. (*Id.*)

Mr. Bin is also on an Immigration and Customs Enforcement ("ICE") order of supervision and can be re-detained by ICE if found in violation of that order. (Dkt. No. 185 at 3.)

## II.    DISCUSSION

Pursuant to 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release at any time after the expiration of one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The Court must consider several factors in its evaluation of early termination, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e). Changed circumstances, such as exceptionally good behavior, can make early termination of supervised release appropriate if they make the supervision terms imposed "too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997); *see also United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000).

Taking into consideration all of the 18 U.S.C. § 3553(a) factors and the interests of justice, the Court finds it inappropriate to terminate Mr. Bin's supervision at this time. Mr. Bin requests early termination on the basis of his demonstrated rehabilitation and low risk of re-offending. (Dkt. No. 185 at 3.) The Court recognizes Mr. Bin's success in establishing a stable, law-abiding lifestyle while on supervised release. However, the Court does not find that this

1 progress represents "exceptionally good behavior" that would make the term of supervision

2 imposed too harsh or inappropriately tailored. *See Lussier*, 104 F.3d at 36. The Court gives

3 particular weight to the seriousness of the offense of which Mr. Bin was convicted, to Mr. Bin's

4 continued non-compliance with the alcohol-related terms of his supervision and the need to

5 provide effective correctional treatment, and to the need to avoid disparity in sentencing between

6 similarly-situated co-defendants.

7 **III.    CONCLUSION**

8 For the foregoing reasons, Defendant's motion for early termination of supervised release

9 (Dkt. No. 185) is DENIED.

10 DATED this 14th day of March 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE